(159 App. Div. 886)

## In re HOAGLAND'S ESTATE.

(Surrogate's Court, New York County.   December 10, 1913.)

EXECUTORS AND ADMINISTRATORS (§ 495*)—ACCOUNTING—COMMISSIONS.

Where a judgment on an accounting of executors directed the fund to be turned over to trustees and allowed them commissions for receiving and paying over the same, it was a determination that such turning over was a paying out of the fund, though the same persons were trustees and executors, and a decree entered on the accounting of the trustees on the death of the beneficiary, directing the fund under the will to be turned back to the executors to be distributed in accordance with the residuary clause of the will, imposed on the executors new duties for which they were entitled to additional compensation.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2089–2106, 2108; Dec. Dig. § 495.*]

Accounting by executors and trustees in the matter of the estate of Hudson Hoagland, deceased.   Certain compensation and commissions allowed.

See, also, 144 N. Y. Supp. 1121; 145 N. Y. Supp. 1127.

James Gillin, of New York City, for appellants Laura Hoagland and McCarthy.

Thomas S. Ormiston, of New York City, for appellant Rose.

Henry W. Baird, of New York City, for appellant Chas. F. Hoagland.

J. Hampden Dougherty, of New York City, for respondents trustees.

COHALAN, S.   The judgment of the Appellate Division, which was confirmed by the judgment of the Court of Appeals, determined that Thomas C. Hoagland was entitled to share in the proportion mentioned in the judgment in the residuary estate disposed of by the thirtieth clause of the will of decedent, and in the distribution of the capital which has been held for his benefit his executor is entitled to share with the other residuary legatees.   The judgment entered on the accounting of the executors, which directed the fund in question to be turned over to the trustees, and which allowed them commissions for receiving and paying over the same, involved a determination that the commissions allowed were for services previously rendered and for such services only, and that such turning over was a paying out and distribution of the fund to the trustees, and, although the same persons were executors and trustees, the effect of the direction for paying over was precisely the same as if the trustees to whom payment was to be made were other persons.   The decree which was entered upon the accounting of the trustees upon the death of the life beneficiary directed the fund, pursuant to the requirements of the will, to be turned back to the executors to be distributed in accordance with the provisions of the residuary clause of the will.   This imposes upon the executors new duties and services for which no compensation had been previously received or awarded, and for these they are entitled to additional compensation and the commissions which they claim are awarded them.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes